Sydney R. Berens v. Commissioner.
Berens v. Commissioner
Docket No. 74143.
United States Tax Court
T.C. Memo 1960-135; 1960 Tax Ct. Memo LEXIS 154; 19 T.C.M. (CCH) 697; T.C.M. (RIA) 60135; June 27, 1960
James L. Walter, Esq., for the petitioner. Jules W. Breslow, Esq., for the respondent. TRAIN
Memorandum Findings of Fact and Opinion TRAIN, Judge: The respondent determined deficiencies in petitioner's income tax for 1953 and 1954 of $1,745.77 and $3,571.42, respectively, and additions to tax *155 for the same years as follows: Year
Addition to tax
Code section
1953
$436.44
291(a) [1]
87.29
293(a) [1]
157.12
294(d)(1)(A) [1]
104.75
294(d)(2) [1]
1954
$178.57
6653(a) [2]
321.68
294(d)(1)(A) [1]
214.45
294(d)(2) [1]
The respondent has waived the additions to tax under section 294(d)(2). The issues remaining for decision are: (1) Whether petitioner failed to file a return for 1953 with the result that, under section 276(a) of the 1939 Code, assessment of the tax is not barred and the petitioner is liable to an addition to tax of 25 per cent under section 291(a) of the 1939 Code; (2) If petitioner filed a return for 1953, whether he omitted from gross income an amount properly includible therein which is in excess of 25 per cent of the gross income reported so that the five-year statute of limitations provided by section *156 275(c) of the 1939 Code is applicable; (3) Whether petitioner is liable for the 5 per cent addition to tax for negligence under section 293(a) of the 1939 Code and 6653(a) of the 1954 Code with respect to 1953 and 1954, respectively; (4) Whether petitioner is liable to additions to tax under section 294(d)(1)(A) of the 1939 Code in each of the years 1953 and 1954 for failure to file a declaration of estimated tax; and (5) Whether the respondent erred in disallowing various deductions for lack of substantiation. Findings of Fact The petitioner is an individual who resides in Brooklyn, New York. He filed Federal income tax returns for the years 1953 and 1954 with the district director of internal revenue, Brooklyn. In 1953 and 1954, petitioner was president of Cadillac Corporation of America (hereinafter referred to as "Cadillac") and of Mayfair Leather Products, Inc. (hereinafter referred to as "Mayfair"). Both corporations had their place of business at 24 Boerum Street, Brooklyn. The business of Cadillac was the assembling and sale of injection-molded plastic handbags and of small manicure sets. In 1953 and subsequent years, the accounting firm of Fred Sanders & Co. *157 , Empire State Building, New York City, acted as accountants for petitioner personally and the two corporations of which he was the president. Leo Sametz, a certified public accountant, was the partner in Fred Sanders & Co. who serviced this account. Prior to April 15, 1954, Sametz prepared a 1953 individual income tax return on Form 1040 for the petitioner and delivered the return to the petitioner prior to April 15, 1954, together with a copy or copies. Petitioner filed the original of the return with the director of internal revenue, Brooklyn. In 1953 Cadillac had sales accounts in a number of localities, including Philadelphia, Boston, Chicago, and Providence It was necessary for petitioner to call personally upon these accounts several times a year. Cadillac had a sales volume in 1953 of about $135,000. Petitioner received in 1953 from Cadillac $3,400 as salary and $1,757.67 for expenses. Petitioner's actual expenses did not exceed $425. The balance of $1,332.67 was not reported by petitioner. In 1954, petitioner received $4,774.50 from Cadillac for expenses. His actual expenses did not exceed $1,300. The balance of $3,474.50 was not reported by petitioner. Petitioner also *158 traveled on behalf of Mayfair in 1953. He received from Mayfair in that year the amount of $2,621.71 for expenses. His actual expenses were $850. The balance of $1,771.71 was not reported by petitioner. In addition, in 1953, Mayfair paid personal living expenses of petitioner in the amount of $1,579.83. This amount was omitted from the gross income reported on petitioner's 1953 return. The only income from any source reported on that return was the $3,400 salary from Cadillac. Petitioner has a son, Jerald, who was born March 24, 1935. Jerald was born of a marriage, terminated by divorce in 1942, between petitioner (then known as Sydney Bernstein) and Mitzie (also known as Ida) Bernstein. The decree of divorce did not provide for the payment of alimony by petitioner to Mitzie but provided that he make a $15 a week payment for the support of their child. In the years 1953 and 1954, petitioner made no payments to Mitzie but paid the $15 each week to his son when the latter visited him on weekends. In 1953, Mayfair paid by check the amount of $290 to Hofstra College for tuition for Jerald. This amount is included in the $1,579.83 set out above as personal expenses of petitioner paid *159 in 1953 by Mayfair. Petitioner did not furnish more than one-half the support of Jerald in either 1953 or 1954. During the taxable years, petitioner resided at 2352 East 26th Street, Brooklyn, with his mother and father. His father was 64 years old in 1954 and his mother 62. Since 1951, petitioner's mother has been paralyzed as the result of a stroke, and his father was in very poor health during the years involved. The house was owned by petitioner's mother. In 1953, petitioner did not furnish more than one-half the support of either parent. With respect to 1954, the respondent allowed petitioner an exemption for each parent. On his 1954 return, petitioner claimed a loss in the amount of $500 with respect to the theft of a Cadillac automobile. The automobile in question was the property of the Cadillac Corporation and Mayfair and not of petitioner. In 1954, petitioner received income from unexplained sources in the amount of $4,622.28, which amount was not reported on his return for that year. In each of the years 1953 and 1954, a part of the deficiency was due either to negligence on the part of petitioner or to willful disregard of applicable rules and regulations. In *160 each of the years 1953 and 1954, petitioner failed to make and file a declaration of estimated tax. In each case, such failure was not due to reasonable cause but was due to willful neglect. Opinion The evidence introduced at the trial on behalf of petitioner consisted in large measure of his own testimony, much of which was uncorroborated by any other evidence. The petitioner gave the Court a poor impression as to his credibility and much of his direct testimony was in response to leading questions. These factors have detracted from the weight attached to that testimony. Our finding that the petitioner filed a return in 1953, contrary to the determination of the respondent, is based not solely upon the petitioner's own testimony but also upon the uncontroverted fact that his accountant prepared and submitted to petitioner prior to its due date an original Form 1040 and copies. As the result of our finding, the 25 per cent addition to tax imposed by respondent for failure to file in 1953 cannot be sustained. However, our other findings make abundantly clear that the petitioner omitted from gross income more than 25 per cent of the gross income reported thereon. As a result, *161 the five-year statute of limitations provided by section 275(c) of the 1939 Code is applicable. The deficiency notice was mailed March 24, 1958. Thus, even assuming that the return was filed no later than the due date, April 15, 1954, the year is not barred. The petitioner had no records, invoices, check stubs, cancelled checks, memoranda, or any other substantiation whatsoever for any of the business expenses disallowed by the respondent for either year. The same lack of substantiation exists with respect to the itemized deductions involving contributions, interest, taxes, and medical expenses disallowed by respondent for 1954. The amounts deducted as alimony on the 1954 return were not in fact alimony and clearly are not deductible under section 23(u) of the 1939 Code. Aside from the alimony deduction, the itemized deductions disallowed by the respondent are substantially less than the standard deduction allowed by respondent in his computation of 1954 tax liability. In view of the utter lack of substantiation of expenses, there is no basis on this record for allowing the petitioner any greater deductions than those allowed by the respondent in either year. The respondent's computation *162 of petitioner's 1953 tax liability only gave him credit for his own personal exemption. The return claimed three exemptions covering petitioner's son, father and mother. While we are satisfied from the evidence that petitioner incurred a number of expenses for the support of his son and his parents, he has the burden of proving that these individuals met the statutory requirements as dependents. We are unable to establish from this record that petitioner furnished more than one-half the support of his parents in 1953 or of his son in either 1953 or 1954. As to the theft loss claimed in 1954, our findings of fact establish that the subject of the theft was not the property of petitioner so that he was not entitled to the deduction in question. The petitioner has offered no reasonable explanation for the omission from the income reported on his returns in 1953 and 1954 of amounts which are undeniably large in relation to the total. We are satisfied from the record that such omission in both years could only have been due to negligence or to willful disregard of rules and regulations so that petitioner is liable for the 5 per cent addition to tax. Sec. 293(a), 1939 Code; Sec. 6653(a), *163 1954 Code. Our findings of fact establish that the respondent did not err in imposing additions to tax in both 1953 and 1954 for failure to file declarations of estimated tax. Decision will be entered under Rule 50. Footnotes
1. Internal Revenue Code of 1939. Section 6654(h) of the Internal Revenue Code of 1954↩ provides that section 294(d) of the 1939 Code continue in force with respect to taxable years beginning before January 1, 1955. 2. Internal Revenue Code of 1954.↩